COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-231-CR
  
  
GREGORY 
DWAYNE RAINS                                                    APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Gregory Dwayne Rains appeals his conviction for aggravated sexual assault.  
In five points, he contends that the trial court erred in overruling his motions 
for mistrial and hearsay objections and in admitting extraneous offense 
evidence. We will affirm.
        The 
parties are familiar with the facts, and the applicable law is well settled.
        In 
his first and second points, appellant contends that the trial court erred in 
overruling two motions for mistrial based on testimony that alluded to 
extraneous offenses in violation of article 37.07 of the Texas Code of Criminal 
Procedure. We review the trial court’s denial of appellant’s motions for 
mistrial under an abuse of discretion standard. Ladd v. State, 3 S.W.3d 
547, 567 (Tex. Crim. App. 1999); Jackson v. State, 50 S.W.3d 579, 588 
(Tex. App.—Fort Worth 2001, pet. ref’d).
        Appellant’s 
first motion for mistrial was based on the complainant’s testimony that 
appellant told her he had sexually abused her because he had been on speed. The 
second motion for mistrial was based on the complainant’s mother’s testimony 
that appellant “got into some legal trouble.” Prior to overruling each 
motion, the trial court had sustained appellant’s objections to the testimony 
and instructed the jury to disregard it.
        The 
trial court did not err in overruling appellant’s motions for mistrial because 
the extraneous offense testimony was rendered harmless by the trial court’s 
instruction to disregard. The testimony was not so "clearly calculated to 
inflame the minds of the jury or [was] of such damning character as to suggest 
it would be impossible to remove the harmful impression from the jury's 
mind." Kipp v. State, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994) 
(citing Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), cert. 
denied, 508 U.S. 918, 113 S. Ct. 2361 (1993)). Accordingly, we overrule 
appellant’s first and second points.
        In 
his third, fourth, and fifth points, appellant contends that the trial court 
erred in admitting into evidence the complainant’s mother’s testimony that 
the complainant was interviewed about abuse that occurred in Hood County. He 
contends that this testimony constituted inadmissible hearsay, violated his 
rights to confrontation and cross-examination, and denied him due process of 
notice and the right to a jury trial.
        When 
appellant’s attorney cross-examined the complainant’s mother, he questioned 
her extensively about the number of people with whom the complainant had 
discussed the abuse. During that exchange, he asked: “Other than the counselor 
and the family, who would she have spoken to next outside of the family about 
this incident–or these incidents?” The mother responded, “She also had to 
speak with the police and CPS in Hood County.” Shortly after that, appellant 
asked, “So now she’s talking to the Hood County police and the CPS workers 
that are in that county; is that right?” The complainant’s mother replied, 
“Yes.”
        During 
the State’s redirect examination of the complainant’s mother, the State’s 
prosecuting attorney asked, “Now as far as having the child interviewed 
several times in Hood County, were they interviewing the child concerning an 
incident that happened in Hood County?” and, “Why did they interview your 
child in Hood County?” After the trial court overruled appellant’s hearsay 
objections to these questions, the complainant’s mother explained that 
“[s]he was down there to speak with them about the acts that happened in Hood 
County.”
        Because 
appellant had previously elicited the same testimony from the complainant’s 
mother during his cross-examination of her, he has failed to preserve these 
points for our review. See Reyes v. State, 84 S.W.3d 633, 638 
(Tex. Crim. App. 2002); Beheler v. State, 3 S.W.3d 182, 187 (Tex. 
App.—Fort Worth 1999, pet. ref’d). Accordingly, we overrule appellant’s 
third, fourth, and fifth points. We, therefore, affirm the trial court’s 
judgment.
   
   
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
   
   
  
PANEL 
A:   CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 19, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.